IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201<br><br>     Plaintiff,<br><br>v.<br><br>**BARDON, INC. t/a**<br>**AGGREGATE INDUSTRIES**, ~~INC.~~<br>6401 Golden Triangle Drive<br>Greenbelt, MD 20770<br><br><br>     Defendant. | **REDLINED**<br><br><br>Civil Action No.  8:08-CV-1883-RWT<br><br><br>**AMENDED**<br>**COMPLAINT AND JURY**<br>**TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and retaliation, and to provide appropriate relief to Ora L. Borrell who was adversely affected by such practices.  As alleged with greater particularity in paragraph 7, below, the U.S. Equal Employment Opportunity Commission alleges that Defendant **Bardon, Inc. t/a** Aggregate Industries~~, Inc.~~, is liable for discriminating against Ora L. Borrell on the basis of sex, female, and retaliation, in that Ora L. Borrell was subjected to sexually motivated harassment and subsequently discharged on the basis of sex and/or retaliation for opposing the harassment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII

1

of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, **Bardon, Inc. t/a** Aggregate Industries~~, Inc.~~, **(hereinafter "Defendant Employer")** has continuously been doing business in the cities of Greenbelt, LaPlata and Waldorf in the State of Maryland and has continuously had at least 15 employees.

5. At all relevant times, Defendant **Employer** ~~Aggregate Industries, Inc.~~, has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ora L. Borrell filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant **Employer** ~~Aggregate Industries, Inc~~. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2004, **Defendant Employer** ~~Aggregate Industries, Inc.~~, has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Such practices include, but are not limited to, the following:

   a) Defendant **Employer** has subjected Ora L. Borrell to sexual harassment and a hostile work environment on the basis of her sex, female, including but not limited to sexually offensive and derogatory comments, physical touching, sexual advances, male public urination and other harassing behavior and discriminatory actions based on sex, female, in violation of Section 703(a) of Title VII;

   b) Defendant **Employer** discharged Ora L. Borrell on the basis of her sex, female, in violation of Section 703(a) of Title VII; and/or

   c) Defendant **Employer** discharged Ora L. Borrell in retaliation for engaging in the federally protected activity of opposing practices made unlawful by Title VII, in violation of 704(a) of Title VII.

8. The effect of the practices complained of in paragraph 7, above, has been to deprive Ora L. Borrell of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female, and because Ora L. Borrell engaged in the federally protected activity of opposing practices made unlawful by Title VII.

9. The unlawful employment practices complained of in paragraph 7, above, were and are intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were and are done with malice or with reckless indifference to the federally protected rights of Ora L. Borrell.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant **Employer**, its officers, successors, assigns, and all persons in active concert or participation with it, from subjecting individuals to sex harassment and engaging in any other employment practice which discriminates on the basis of sex.

B.      Grant a permanent injunction enjoining Defendant **Employer**, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in retaliatory conduct against persons because they oppose sex harassment or other practices made unlawful by Title VII.

C.      Order Defendant **Employer** to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of their past and present unlawful employment practices, including: 1) the institution of effective sex and non-retaliation policies; 2) the dissemination of these policies to all their managers and employees; and 3) mandatory training for all managers and employees regarding the legal prohibitions against employment discrimination, including sex and retaliation in the workplace and Defendant **Employer's** sex harassment and non-retaliation policies.

D.      Order Defendant **Employer** to pay Ora L. Borrell an appropriate back pay in amount to be determined at trial, prejudgment interest and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

E.      Order Defendant **Employer** to make whole Ora L. Borrell by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, in amounts to be determined at trial.

4

F.       Order Defendant **Employer** to make whole Ora L. Borrell by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

G.       Order Defendant **Employer** to pay punitive damages for the malicious and reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

H.       Order Defendant **Employer** to post a signed notice to all employees, conspicuously placed in Defendant's facilities that sets forth the remedial action required by the Court and informs all employees that Defendant **Employer** will not discriminate against any employee because of sex, female, and that it will not take any action against employees because such employees have opposed practices made unlawful under Title VII or have exercised their federally protected rights under Title VII.

I.       Grant such further relief as the Court deems necessary and proper in the public interest.

J.       Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                              Respectfully submitted,

                              EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION

                              RONALD S. COOPER
                              General Counsel

        JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____/S/_____
JACQUELINE H. MCNAIR
Regional Attorney
EEOC-Philadelphia District Office
(including Baltimore Field Office)

_____/S/_____
DEBRA M. LAWRENCE (Bar No. 04312)
Supervisory Trial Attorney

_____/S/_____
CECILE C. QUINLAN (Bar No. 06072)
Senior Trial Attorney

EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2728
Facsimile number: (410) 962-4270