**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

EQUAL EMPLOYMENT        *
OPPORTUNITY COMMISSION

       Plaintiff,             *

                                      CIVIL ACTION NO.  RWT-08-CV-1883

v.

                             *

BARDON, INC., t/a AGGREGATE
INDUSTRIES

       Defendant.            *

**DEFENDANT'S ANSWER TO INTERVENOR**
**ORA LOUISE BORRELL'S COMPLAINT**

Defendant, Bardon, Inc., t/a Aggregate Industries ("Defendant" or "Aggregate"),

by and through its undersigned labor counsel, hereby answers the Intervenor's

Complaint ("Complaint") filed by Intervenor, Ora Louise Borrell ("Borrell" or "Intervenor"),

in the above-captioned action, as follows:

1. The allegations contained in paragraph 1 of the Complaint are

conclusions of law to which no answer is required. To the extent an answer is required,

Defendant denies the allegations and conclusions, and each of them, in paragraph 1,

except to admit that Borrell seeks relief in her Complaint for alleged violations of Title VII

of the Civil Rights Act of 1964, as amended, and the Prince George's County Code, as

well as several common law causes of action under Maryland law.

**JURISDICTION**

2. The allegations contained in paragraph 2 of the Complaint are

conclusions of law to which no answer is required. To the extent an answer is required,

Defendant denies the allegations, and conclusions, and each of them, contained in

paragraph 2 of the Complaint, except to admit that jurisdiction in this Court is

appropriate.

1

3.      To the extent an answer is required, Defendant denies the allegations, and conclusions, and each of them, contained in paragraph 3 of the Complaint, except to admit that this Court has jurisdiction over Borrell's State claims.

## VENUE

4.      The allegations contained in paragraph 4 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations, and conclusions, and each of them, contained in paragraph 4 of the Complaint, except to admit that this Court is the appropriate venue for the instant action.

## PARTIES

5.      Defendant admits that Borrell is female; Defendant is without sufficient information to admit or deny whether Borrell has, at all relevant times, been a resident and domiciliary of the State of Maryland, as alleged in paragraph 5 of the Complaint.

6.      Defendant admits that it has been doing business at all relevant times in the cities of Greenbelt, La Plata, and Waldorf, Maryland, and has had at all relevant times at least 500 employees, as alleged in paragraph 6 of the Complaint.

7.      Defendant admits that at all times relevant to the instant action it has been an employer within the meaning of Title VII, as alleged in paragraph 7 of the Complaint.

## ADMINISTRATIVE PROCEEDINGS

8.      Defendant admits that Intervenor filed a charge with the Equal Employment Opportunity Commission ("EEOC") dated February 21, 2007, as alleged in paragraph 8 of the Complaint.

9.      Defendant admits that the EEOC issued a Determination finding probable cause that Defendant had violated Title VII with respect to Intervenor, as alleged in paragraph 9 of the Complaint.

2

10.     Defendant admits that the EEOC filed a Complaint and a subsequent Amended Complaint against Defendant on behalf of Borrell, as alleged in paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 11 of the Complaint; *see also* Fourteenth Affirmative Defense, ¶ 64, *infra*.

## FACTS

12.     Defendant admits the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations and conclusions, and each of them, contained in paragraph 13 of the Complaint.  Defendant has an anti-discrimination and anti-harassment policy, and its employees are prompted and encouraged to follow the complaint procedure if they think they have experienced any inappropriate conduct or comments.  Borrell filed a single written complaint with Defendant, in November, 2006, in which she alleged that a single male employee had directed inappropriate comments and conduct toward her.  That complaint was promptly investigated and closed pursuant to Company policy and practice.

14.     Defendant denies the allegations and conclusions, and each of them, contained in paragraph 14 of the Complaint.  Borrell complained once to management at Aggregate's La Plata facility about truckers employed by TSC, a trucking firm whose drivers would come onto the La Plata worksite when conducting business with Aggregate, urinating outside, near their trucks, but not necessarily in front of Borrell.  Management promptly ordered an extra portable toilet for the worksite and spoke with TSC's management dispatcher to instruct the TSC drivers to refrain from urinating

3

outside at the worksite. Borrell made no further complaints to management about this matter.

15. With respect to the allegations contained in paragraph 15 of the Complaint, Defendant admits that it learned that some employees were viewing pornography at work at the La Plata worksite *after* Borrell filed her EEOC charge. Defendant denies that it was aware employees were viewing or "distributing" pornography, as alleged in paragraph 15 of the Complaint. Defendant denies that Tom Miller showed Borrell any pornographic videos on any occasion. Defendant did learn, in the course of the investigation of Borrell's EEOC charge, that employees at La Plata would show pornography to each other and that Borrell was a *willing participant* in such activity and would e-mail pornographic pictures and/or videos to coworkers. Defendant never received a complaint from Borrell or any other employee regarding pornography at any of the worksites where Borrell worked; the first time Defendant became aware of this question was when Borrell filed her EEOC charge.

16. Defendant admits that Borrell was transferred to Defendant's Waldorf facility from its La Plata facility, but the transfer took place in February, 2005, and not March, 2005, as Borrell alleges in paragraph 16 of the Complaint.

17. Defendant denies the allegations and conclusions, and each of them, contained in paragraph 17 of the Complaint. Defendant's Waldorf worksite has two (2) bathrooms, neither of which is designated as a women's room or a men's room. The male employees at the worksite, however, normally used the bathroom located downstairs, and Borrell generally used the upstairs bathroom. Borrell sent an e-mail to Marilyn Garner, one of Aggregate's Human Resources Generalists, on June 7, 2005, complaining that the upstairs bathroom was dirty and that male employees were smoking in the bathroom. Borrell also asked whether she could put a lock on the door to that bathroom and retain the only key. Borrell never complained of pornography being

4

left in that bathroom or of men urinating on toilet seats in that bathroom.[1]  The
Company's response to Borrell's complaint was to instruct management to place a lock
on the upstairs bathroom and to instruct the male employees not to smoke indoors.  No
member of management ever threatened Borrell that she would lose bathroom privileges
and have to use a "port-a-potty" if she continued to complain; in fact, Borrell's e-mail to
Garner was the *only* complaint she ever raised about the bathrooms at Waldorf or
anywhere else Aggregate has facilities.

        18.    Defendant admits that Borrell was transferred from Defendant's Waldorf
worksite to its King George, Virginia, worksite, but the transfer took place in October,
2006, and not November, 2006, as Borrell alleges in paragraph 18 of the Complaint.

        19.    Defendant denies the allegations and conclusions, and each of them,
contained in paragraph 19 of the Complaint.  Borrell complained to Defendant in
November, 2006, that Francis "Leroy" Newman had touched her buttocks and made
some inappropriate sexual comments to her, although she did not provide specifics,
apart from alleging that Newman stated that he would like to "be behind you, driving
you."  The Company's Human Resources department promptly investigated the
complaint, together with senior operating management, in person, and concluded that
Borrell regularly engaged in back-and-forth conversations of a sexual nature, *i.e.*, let it
be known that *sexual comments were not unwelcome*.  Newman denied touching Borrell
inappropriately, and there were no corroborating witnesses to this alleged incident.  The
Company addressed a letter to Newman informing him that conduct of the type Borrell
alleged was not acceptable and that any such conduct in the future would not be
tolerated.  Borrell also received a letter summarizing Human Resources' investigation.

---

1  Borrell claimed, for the first time, in her EEOC Charge that the men were urinating in the sink
and did not mention urine on toilet seats; she has apparently changed her version of events
yet again in omitting reference to urine in the sink and now claims the men were urinating on
the toilet seats.

20.     Defendant admits that Borrell submitted a written complaint about
Newman to her immediate supervisor, Jeffrey Greene, who referred that complaint to
Human Resources, which conducted an investigation. *See* ¶ 19, *supra.* Defendant
denies that Borrell's coworkers began to ostracize her after she lodged that complaint,
as alleged in paragraph 20 of the Complaint; if, in fact, there was any ostracism, Borrell
failed to complain to management.

21.     Defendant admits that Human Resources conducted an investigation of
Borrell's complaint, as alleged in paragraph 21 of the Complaint. Defendant denies that
that investigation was conducted jointly with its undersigned labor counsel, Norman R.
Buchsbaum; the investigation was conducted by Aggregate's Human Resources
department and senior management and Buchsbaum's role was to advise and counsel
management by telephone. Some weeks later, after it was discovered that Borrell had
revealed confidential Company information to outside parties, Aggregate asked
Buchsbaum to become personally involved in interviewing its management and certain
personnel. The extent of Buchsbaum's involvement with Borrell's own written sexual
harassment complaint relating to Newman was limited to telephone conversations with
Human Resources, in which Buchsbaum advised that the Company should send
Newman a letter informing him that the conduct of which he had been accused was
unacceptable at Aggregate and that it should also advise Borrell of the outcome of its
investigation.

22.     Defendant denies the allegation and conclusion contained in paragraph
22 of the Complaint. Buchsbaum never conducted a personal interview with Borrell
regarding her sexual harassment complaint and never spoke to her personally until the
date of her termination, January 12, 2007, when he was present, along with David Gay,
then the Manager of Human Resources for the mid-Atlantic region of Aggregate, Terryl
Barnes, a female Human Resources Generalist, and Jeffrey Greene, one of Borrell's

managers. Buchsbaum was requested to, and did, ask Borrell several questions
regarding some comments she had reportedly made about certain management officials,
which Borrell denied, and about her revealing confidential Company information
regarding Aggregate's handling of her sexual harassment complaint to third parties,
including J.B. Durrett, a Virginia DOT inspector. Borrell readily admitted having done so
and further stated that she had also told members of a volunteer fire department about
the internal sexual harassment complaint and her dissatisfaction with Aggregate's
handling of it. However, Buchsbaum was present at the meeting to advise members of
management, and at no time did Buchsbaum conduct a personal interview with Borrell
alone.

23.     Paragraph 23 of the Complaint contains conclusions of law to which
Defendant is not required to respond. To the extent a response is required, Defendant
denies the allegations and conclusions, and each of them, contained in paragraph 23;
Borrell was terminated for violation of a major Work Rule in revealing confidential
information to third parties.

24.     Defendant admits that Buchsbaum was present when Borrell was
terminated on January 12, 2007, as discussed in paragraph 22 above. Defendant
denies that two (2) male managers only were present at the meeting; the other individual
present was Terryl Barnes, a female Human Resources representative, as noted in
paragraph 22 above.[2]

___

2 Paragraphs 21-24 of Borrell's Complaint suggest that Borrell intends to attempt to disqualify
the undersigned from defending Defendant in this matter. There is no basis for
disqualification, as Rule 3.7 of the Canons of Ethics requires disqualification of counsel *only*
where the attorney would be a "necessary" witness and where disqualification would not work
a substantial hardship on the client. Md. Rule 16-812. Buchsbaum is not a necessary witness
in this action; any testimony he might be able to offer would be cumulative and available from
the three (3) Aggregate officials present at the January 12, 2007, meeting, and Buchsbaum's
disqualification at this juncture would have a seriously prejudicial effect on Defendant and
likely would delay these proceedings. It is worth noting that Borrell's counsel—the Thatcher
Law Firm— represented her at her unemployment appeals hearing in April, 2007, and neither
she nor her attorney raised any issue with respect to Buchsbaum's representation of

## COUNT I

25. Defendant is not required to respond to paragraph 25 of the Complaint; its *seriatim* responses already have been made, *supra*.

26. Defendant denies the allegations and conclusions, and each of them, contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations and conclusions, and each of them, contained in paragraph 27 of the Complaint; Borrell invited sexual remarks and such were not unwelcome, and Borrell admitted to pinching the buttocks of Jon Brentlinger at around the same date Borrell wrote her complaint to the Company about Newman's conduct.

28. Defendant denies the allegations and conclusions, and each of them, contained in paragraph 28 of the Complaint. Defendant did not fail to take remedial action with respect to any alleged harassment; in fact, Borrell unreasonably failed to avail herself of Aggregate's complaint procedure except with respect to the Newman incident in November, 2006, and Aggregate acted reasonably in investigating and disposing of that complaint.

29. Paragraph 29 of the Complaint contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 30 of the Complaint.

---

Defendant at that hearing. This Court should not countenance what Defendant expects it will have before it: an attempt to prejudice Defendant by getting its attorneys knowledgeable about this dispute disqualified from this case for purely tactical reasons.

## COUNT II

31. Defendant is not required to respond to paragraph 31 of the Complaint; its *seriatim* responses already have been made, *supra*.

32. Defendant denies the allegations and conclusions, and each of them, contained in paragraph 32 of the Complaint, except to admit that Borrell raised a single complaint with Defendant regarding conduct on the part of Newman which she perceived to constitute sexual harassment.

33. Paragraph 33 of the Complaint contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 33 of the Complaint. Borrell was transferred to Waldorf from La Plata for business reasons and was transferred along with a male colleague, Michael Carr. At the time of this transfer, Borrell expressed her pleasure with the move, as she was being given her own office and a larger laboratory in which to work. Borrell volunteered for her second transfer, from Waldorf to King George, Virginia, where the Company had a need for a quality technician. The two available candidates to fill that slot were Borrell and Carr. Jeffrey Greene informed Borrell that he planned to assign Carr to King George, but Borrell volunteered for the transfer because, she said, she lived closer to King George.

34. Paragraph 34 of the Complaint contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 35 of the Complaint.

9

## COUNT III

36.     Defendant is not required to respond to paragraph 36 of the Complaint; its *seriatim* responses already have been made, *supra*.

37.     Paragraph 37 of the Complaint contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 39 of the Complaint.

## COUNT IV

40.     Defendant is not required to respond to paragraph 40 of the Complaint; its *seriatim* responses already have been made, *supra*.

41.     Defendant denies the allegations and conclusions, and each of them, contained in paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant

denies the allegations and conclusions, and each of them, contained in paragraph 43 of the Complaint.

## COUNT V

44.     Paragraph 44 of the Complaint contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 44 of the Complaint, except to admit that Newman was Defendant's employee.

45.     Paragraph 45 of the Complaint contains a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegation and conclusion contained in paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegation and conclusion contained in paragraph 46 of the Complaint.

47.     Defendant denies the allegations and conclusions, and each of them, contained in paragraph 47 of the Complaint, except to admit that Newman was an employee of Defendant during the timeframe relevant to this action.

48.     Paragraph 48 of the Complaint contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations and conclusions, and each of them, contained in paragraph 49 of the Complaint.

## PRAYER FOR RELIEF

50.     Defendant denies that Borrell is entitled to any of the relief requested in sub-paragraphs 1-7 of her Complaint or to any relief whatsoever but rather should be sanctioned for making untruthful allegations.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

51.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

52.     To the extent the Complaint seeks relief for, or raises allegations concerning, conduct allegedly occurring more than 300 days before February 21, 2007, the day on which Borrell filed a charge with the EEOC, such allegations are barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

53.     Claims contained in the Complaint are barred to the extent that they seek relief for discrete acts that do not fall within the continuing violation doctrine and are therefore barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

54.     Intervenor cannot establish a pattern or practice of discrimination, because Borrell's single complaint to Defendant in November, 2006, of allegedly harassing conduct was promptly investigated and dealt with by Defendant in a diligent manner, pursuant to Defendant's internal complaint procedure, and Complainant suffered no tangible harm as a result.

## FIFTH AFFIRMATIVE DEFENSE

55.     Borrell's claims are barred due to her unreasonable failure to take advantage of Defendant's complaint procedure.

12

## SIXTH AFFIRMATIVE DEFENSE

56.     The claims contained in the Complaint are barred to the extent that any allegations therein are beyond the scope of the administrative charge filed with the EEOC, beyond the scope of the EEOC's investigation, and/or were not included in the written Determination of Probable Cause issued by the EEOC on February 28, 2008.

## SEVENTH AFFIRMATIVE DEFENSE

57.     Plaintiff's claim for damages on behalf of Complainant is barred by the after-acquired evidence doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

58.     Any claim for punitive damages under Title VII is barred, because any alleged actions taken by Defendant do not show evidence of malice or reckless disregard with respect to the federally protected rights of Complainant, nor did Defendant intentionally deny or interfere with any such rights; Defendant acted in good faith, on advice of counsel, and in accordance with Supreme Court decisional law in dealing with Complainant.

## NINTH AFFIRMATIVE DEFENSE

59.     Punitive damages for alleged violations of Title VII are barred, because Defendant has acted reasonably and in good faith in its efforts to comply with federal and state employment laws, and it acted on the advice of counsel in terminating Complainant.

## TENTH AFFIRMATIVE DEFENSE

60.     Punitive damages for Borrell's claims under State law are barred, because any alleged actionable conduct on behalf of Defendant's employees occurred outside the scope of those employees' authority (*i.e.*, were *ultra vires*) and without the

13

actual consent of Defendant. Any such acts cannot be imputed to Defendant through the principles of agency and/or *respondeat superior*.

<h3 style="text-align:center">ELEVENTH AFFIRMATIVE DEFENSE</h3>

61.    The claims contained in the Complaint are barred to the extent that the Complainant has failed to mitigate damages.

<h3 style="text-align:center">TWELFTH AFFIRMATIVE DEFENSE</h3>

62.    The claims contained in the Complaint are barred, or should be reduced, pursuant to the doctrine of laches.

<h3 style="text-align:center">THIRTEENTH AFFIRMATIVE DEFENSE</h3>

63.    The claims contained in the Complaint are barred, or should be reduced, pursuant to the offset doctrine.

<h3 style="text-align:center">FOURTEENTH AFFIRMATIVE DEFENSE</h3>

64.    Borrell's claims under Prince George's County Code § 2-222 are barred due to Borrell's failure to file a complaint with the Prince George's County Human Relations Commission, as required by MD. CODE. ANN, Art. 49B § 42(b)(2).

65.    Defendant reserves the right to amend this Answer and/or to assert additional affirmative defenses, as circumstances may warrant.

WHEREFORE, Defendant respectively requests that the Complaint be dismissed, *with prejudice* to its refiling, as being totally without merit and that judgment be entered in its favor.

Respectfully submitted,

Norman R. Buchsbaum, Md. Bar No. 01892

Louis J. Cannon, Jr., Md. Bar No. 17157

14

400 E. Pratt Street, Suite 600
Baltimore, Maryland   21202-3126
Tel:  (410) 332-1343
Fax:  (410) 625-1073
E-mail:  NBuchs6124@aol.com
*Attorneys for Defendant*

Dated this 28th day of October, 2008,
at Baltimore, Maryland

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Answer to Intervenor's Complaint was filed this

28th day of October, 2008, using the CM/ECF system, which will automatically send mail

notification of filing to the following:

Linda Hitt Thatcher, Esquire (Md. Bar No. 05039)
Abbey G. Hairston, Esquire (Md. Bar No. 12082)
Christopher P. Suzie, Esquire (Md. Bar No. 27961)
THATCHER LAW FIRM, LLC
Belle Point Office Park
7849 Belle Point Drive
Greenbelt, Maryland  20770
Telephone number: (301) 441-1400
Facsimile number:  (301) 441-9602
lht@thatcherlaw.com

and

Debra Michele Lawrence, Esquire (Md. Bar No. 04312)
Cecile Celeste Quinlan, Esquire (Md. Bar No. 0672)
U.S. Equal Employment Opportunity Commission
City Crescent Building
10 South Howard Street; 3rd Floor
Baltimore, Maryland 21201
Telephone number: (410) 209-2728
Facsimile number: (410) 962-4270
debra.lawrence@eeoc.gov
cecile.quinlan@eeoc.gov

Norman R. Buchsbaum

15