**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) and ) ) ORA LOUISE BORRELL, ) ) Intervenor, ) ) v. ) ) BARDON, INC. t/a AGGREGATE INDUSTRIES, ) ) Defendant. ) | Civil Action No. RWT-08-1883 |

**PLAINTIFF INTERVENOR BORRELL AND PLAINTIFF EEOC**
**JOINT REPLY TO DEFENDANT'S BRIEF ADDRESSING RULE 3.7**

Despite Your Honor's unmistakable intent communicated on November 13, 2009, during the hearing on Defendant's Motion for Summary Judgment, and again during this Court's conference call with all parties last Friday (January 8, 2010) that Norman Buchsbaum, Esq., counsel for the Defendant Bardon, Inc. t/a Aggregate Industries ("Defendant" or "Aggregate"), may be disqualified as trial counsel for Aggregate due to obvious conflicts with Maryland's Rules of Professional conduct, Mr. Buchsbaum has submitted yet another filing to this Court, with voluminous exhibits, in an attempt to remain as Defendant's attorney in this case. Your Honor has made clear that there is a "proscription against an attorney participating in a case where he is likely to be called as

a witness." (MSJ hearing of 11-13-09 at p.53)    In answer to this Court's query at the November 13, 2009 hearing counsel for the Plaintiff Intervenor Oral Louise Borrell ("Mrs. Borrell"), Linda Hitt Thatcher, represented to the Court that Mrs. Borrell intends to call Mr. Buchsbaum as a witness at trial.

Plaintiff EEOC ("EEOC") wishes to make clear that it joins counsel for Mrs. Borrell in her intent to call Mr. Buchsbaum as a witness at trial and in her position that Mr. Buchsbaum is a <u>necessary witness</u> pursuant to Rule 3.7 of the Maryland Lawyers' Rules of Professional Conduct, who should therefore be disqualified from trying this case. Rule 3.7 requires that:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work a substantial hardship on the client.

This Court raised the issue of possible disqualification on its own accord. Furthermore, "when the attorney in question is so clearly aware before the fact of the <u>potential</u> conflict between his roles as advocate and witness," as Mr. Buchsbaum was, which is evident from deposition testimony that he has cited to in his filings, "then the scrutiny usually applied to an opposing party's motion for disqualification is unnecessary and the burden shifts to the attorney in question." <u>Klupt v. Krongard</u>, 126 Md. 179, 207, 728 A.2d 727 (Md. Ct. Spec. App. 1999) (emphasis added). In fact, "[i]f the lawyer knows before the litigation has commenced that his or her testimony might be required,"

2

as Mr. Buchsbaum knew from Mrs. Borrell's testimony at her unemployment insurance hearing and the EEOC's initial investigation, "then the burden is on the lawyer to establish an exception to the Rule if he or she is to avoid disqualification." Id. at 207-8 (emphasis added).

Mr. Buchsbaum cannot fit himself into any of Rule 3.7's exceptions because the testimony he will provide is hotly contested, has nothing to do with the nature and value of his legal services, and would work no substantial hardship on his client. Specifically, where as in this case, the Defendant has had months, if not years, to deal with the potential disqualification of Mr. Buchsbaum, it cannot at the last minute seek shelter under the banner of hardship. See In re Fischer, 2006 WL 466713, *1 (Bnkr. D.Md. July 7, 2006) (Where a party likely had three months, or one month at a minimum, to deal with the potential disqualification of its counsel because of his role as a witness, "any hardship caused by a new attorney's unfamiliarity with the case after having that long to locate and prepare new counsel is the defendant's own fault.")

Mr. Buchsbaum will provide necessary testimony squarely addressing contested issues regarding, without limitation: (i) the nature and conduct of the investigation which he undertook and (ii) the termination meeting, where he was the primary actor in the firing of Mrs. Borrell. The Defendant notes that other individuals may be able to testify to fragmentary portions of Mr. Buchsbaum's investigation and his role in Mrs. Borrell's firing; however, Mr. Buchsbaum is the only individual who can provide testimony encompassing the totality of his role in Mrs. Borrell's retaliatory discharge and the reasons for actions he took. Furthermore, where "no other person is in as good a position

as [the principal actor] to provide testimony…[such] testimony cannot be said to be duplicative or cumulative of other witnesses' testimony." <u>National Sec. Systems, Inc. v. Iola</u>, 2009 WL 3756897, *5 (D. N.J. November 6, 2009).

Defendant has completely neglected to address the prejudice Mrs. Borrell will face if Mr. Buchsbaum is allowed to continue as counsel in this case. As one witness after another invokes Mr. Buchsbaum's name and the role he played in Mrs. Borrell's firing, the jury will begin to look to him for answers. When Mr. Buchsbaum talks to witnesses, the jury will hear in his questions statements about his account of events. Mr. Buchsbaum's arguments will transmogrify into uncontested declarations of his version of the facts as he saw them first hand. See <u>Sicher v. Merrill Lynch & Co., Inc.</u>, 2009 WL 4894658, *2 (N.D. Ill. December 11, 2009) (Noting that when an attorney participated in the events being discussed at trial "the trier of fact might confuse [the attorney's] summation and argument as his own version of their conversations, without [the attorney] having been sworn as a witness and subject to cross-examination.")

The many hats that Mr. Buchsbaum wears—as investigator, terminator, and advocate—will create a significant unsworn witness problem. <u>See</u>, <u>U.S. v. Evanson</u>, 584 F.3d 904, 908 (10th Cir. 2009) ("'[A]n attorney acts as an unsworn witness when his relationship to his client results in his having first-hand knowledge of the events presented at trial' enabling the attorney to 'subtly impart to the jury his first-hand knowledge of the events without having to swear an oath or be subject to cross-examination.'" (quoting <u>United States v. Locascio</u>, 6 F.3d 924, 933 (2d Cir. 1993)). Disqualifying Mr. Buchsbaum is the only way to remedy the unsworn witness problem.

4

Mrs. Borrell and the EEOC note that the Court raised this issue on its own motion. The timing of Mrs. Borrell's averment, approximately five months before trial, that she intends to call Mr. Buchsbaum to the stand was not part of some calculated strategy, but was dictated by this Court's direct questioning of Ms. Thatcher. This issue is being addressed at this juncture because of Mr. Buchsbaum's desire for the Court to hear it now, not because the EEOC and Mrs. Borrell have made an application to the Court. In fact, the EEOC and Mrs. Borrell are the actors who have had the least input in the timing and logistics pertaining to Mr. Buchsbaum's disqualification. It is preposterous to believe that they are somehow manipulating events to their advantage.

Finally, on January 6, 2010, in a letter to this Court ("Disqualification Letter"), Mrs. Borrell set forth reasons why Mr. Buchsbaum is a necessary witness. The EEOC asserts that the position taken in the Disqualification Letter is the joint position of the EEOC and Mrs. Borrell. Accordingly, the EEOC and Mrs. Borrell maintain the position taken in the Disqualification Letter.

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Linda Hitt Thatcher (Bar No. 05039) | Debra M. Lawrence (Bar No. 04312) |
| Abbey G. Hairston (Bar No. 12082) | Cecile C. Quinlan (Bar No. 06072) |
| | (Signed by Linda Hitt Thatcher with permission of Debra Lawrence and Cecile Quinlan) |
| THATCHER LAW FIRM, LLC | EEOC (Equal Employment Opportunity Commission) |
| Belle Point Office Park | Baltimore Field Office |
| 7849 Belle Point Drive | 10 S. Howard Street, 3rd Flr. |
| Greenbelt, Maryland 20770 | Baltimore, Maryland 21201 |
| Tel.: (301) 441-1400 | Tel.: (410) 209-2728 |
| www.thatcherlaw.com | www.eeoc.gov |
| *Counsel for Plaintiff Intervenor Ora Louise Borrell* | *Counsel for Plaintiff Equal Employment Opportunity Commission* |

6