**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, | \* <br> \* <br> \* <br> \* |
| Plaintiff, | \* <br> \* |
| and | \* <br> \* |
| **ORA LOUISE BORELL**, | \* <br> \*   Case No.: RWT 08cv1883 |
| Plaintiff-Intervenor, | \* <br> \* |
| v. | \* <br> \* |
| **BARDON, INC.**, <br> *trading as* <br> AGGREGATE INDUSTRIES, | \* <br> \* <br> \* <br> \* |
| Defendant. | \* <br> \* |

## MEMORANDUM OPINION

On July 18, 2009, the Equal Employment Opportunity Commission ("EEOC") instituted an employment discrimination action against Defendant Bardon, Inc., trading as Aggregate Industries ("Aggregate"). See Paper No. 1. In its Amended Complaint, the EEOC alleges that Aggregate is liable for discriminating against Oral Louise Borrell on the basis of sex and retaliation. See Paper No. 8. Ms. Borell later intervened in the lawsuit and filed her own Complaint. See Paper Nos. 14 & 15.

On April 27, 2009, Aggregate filed a Motion for Summary Judgment, see Paper No. 30, which the EEOC and Ms. Borell jointly opposed, see Paper No. 44. Upon reviewing the parties' filings in preparation for the hearing on Aggregate's Motion, the Court noticed that Aggregate's counsel in this action, Norman R. Buchsbaum, was Aggregate's labor counsel and had been

involved in the company's internal investigation into Ms. Borell's complaint of sexual harassment and in her termination from the company.[1]

During the hearing on Aggregate's Motion for Summary Judgment, the Court raised <u>sua sponte</u> the issue of the possible disqualification of Mr. Buchsbaum from trying this case because of a lawyer as witness problem.  <u>See</u> Summ. J. Hr'g Tr. 52–82, Nov. 13, 2010.  The basis for the Court's concern is Rule 3.7 of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC"), which requires that

> [a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work a substantial hardship on the client.

MLRPC 3.7.  The policy behind this rule is succinctly stated in one of its Comments: "Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client."  <u>Id.</u> cmt. 1.

---

[1] Mr. Buchsbaum's involvement in Aggregate's investigation concerning Ms. Borrell's complaint and in her termination was obvious from Intervenor's Complaint, Aggregate's Motion for Summary Judgment, and the EEOC and Ms. Borrell's Joint Opposition.  <u>See</u> Intervenor's Compl. ¶ 21 ("Following Ora Borrell's sex harassment complaint to management, Norman Buchsbaum, Esq. . . . performed an internal investigation and interviewed a number of Defendant employees concerning Mrs. Borrell's complaint."); <u>id.</u> ¶ 22 ("Norman Buchsbaum, Esq., interviewed Ora Borrell regarding her complaint of sex harassment, while Mrs. Borrell was employed by Defendant Employer. (emphasis omitted)); <u>id.</u> ¶ 24 ("Norman Buchsbaum, Esq. (Defendant Employer's counsel) was present during Ora Borrell's termination meeting, along with two other male managers."); <u>see also</u> Aggregate's Mot. for Summ. J. 22 ("After an investigation was conducted, in which a number of witnesses were interviewed . . . by the undersigned, Norman R. Buchsbaum . . ., Borell was brought to Greenbelt for a meeting on January 12, 2007.  The attendees of that meeting were [among others] Norman R. Buchsbaum, the Company's labor counsel."); <u>id.</u> at 23 (explaining that Mr. Buchsbaum was present at the January 12, 2007 meeting when Ms. Borell was terminated); <u>see also</u> Joint Opp'n, 11 (describing Mr. Buchsbaum's investigation into Ms. Borell's complaint, including a meeting with a potential witness <u>alone</u> in Mr. Buchsbaum's vehicle); <u>see id.</u> at 12 (describing Mr. Buchsbaum's presence and statements at the January 12, 2007 meeting when Ms. Borell was fired).

After the hearing, Aggregate filed a correspondence with the Court, requesting a telephone conference to determine whether either the EEOC or Ms. Borrell intended to call Mr. Buchsbaum as a witness and, if so, requesting an opportunity to submit legal memoranda on the issue of disqualification. See Paper No. 75. Ms. Borell filed a response to Aggregate's correspondence stating that she intended to call Mr. Buchsbaum as a witness at trial. See Paper No. 78. The Court conducted a telephone conference on January 8, 2010, and afterwards directed the parties to file a reply and surreply, which they did. See Paper Nos. 79 & 81.

Having conducted the telephone conference and having reviewed all of the parties' filings on the issue of Mr. Buchsbaum's possible disqualification, the Court concludes that Mr. Buchsbaum cannot simultaneously act as advocate and witness at the trial of this case. Rule 3.7 prohibits a lawyer from serving as both advocate and necessary witness except in those circumstances specified in paragraphs (a)(1) through (a)(3). "Among the factors courts have adopted when deciding motions for disqualification are the materiality of the advocate-witness's evidence; the exclusivity of the advocate-witness as the source of the evidence; and the prejudice to the advocate-witness's client." Franklin v. Clark, 454 F. Supp. 2d 356 (D. Md. 2006) (quotation marks omitted).

Mr. Buchsbaum is a necessary witness because his testimony is highly material and non-cumulative. Both the EEOC and Ms. Borell intend to call him to address "(i) the nature and conduct of the investigation which he undertook and (ii) the termination meeting, where he was a primary actor in the firing of Ms. Borell." Joint Reply To Def.'s Brief Addressing Rule 3.7, at 3. Both matters are relevant to this employment discrimination action, and Mr. Buchsbaum is in a unique position to testify about them. While other individuals may be able to testify to fragmentary portions of Mr. Buchsbaum's investigation and his role in the firing, Mr.

Buchsbaum is the only individual who can provide testimony encompassing the totality of his role in Mrs. Borell's retaliatory discharge and the reasons for actions he took. See id. His testimony will therefore be far from cumulative.

None of the exceptions to Rule 3.7's prohibition on serving as both lawyer and witness applies to Mr. Buchsbaum. Since Mr. Buchsbaum was aware, or at the very least should have been aware, of the potential conflict between his roles as advocate and witness at the onset of this litigation, he bears the burden of establishing that an exception to the Rule applies if he is to avoid disqualification. See Klput v. Krongard, 728 A.2d 727, 741 (Md. App. 1999) ("When the attorney in question is so clearly aware before the fact of the potential conflict between his roles as advocate and witness, then the scrutiny usually applied to an opposing party's motion for disqualification is unnecessary, and the burden shifts to the attorney in question."). Mr. Buchsbaum has not met his burden. Paragraphs (a)(1) and (a)(2) clearly do not apply to him because his testimony is contested and has nothing to do with the nature and value of his legal services.

Paragraph (a)(3) does not enable Mr. Buchsbaum to avoid disqualification either. To determine whether disqualification of the lawyer would work substantial hardship on the client, the Court must balance the interests of the client and those of the tribunal and the opposing party. See MLPRC cmt. 4. In so doing, the Court considers the effect of the disqualification on the lawyer's client, whether the tribunal is likely to be misled, whether the opposing party is likely to suffer prejudice, and whether one or both parties could reasonably foresee that the lawyer would probably be a witness. Id. The weight attributed to these individual factors depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Id.

The Court recognizes that Aggregate may suffer from the disqualification of Mr. Buchsbaum. Aggregate would be deprived of its chosen counsel and may have to seek postponement of the April trial date. See Def.'s Reply 10. Aggregate's hardship, however, must be balanced against the likelihood that the jury will be misled and the prejudice to be suffered by the EEOC and Ms. Borell. This is an employment discrimination case in which Mr. Buchsbaum will be testifying regarding the company's investigation into Ms. Borell's sexual harassment complaint and her ultimate termination, and Mr. Buchsbaum's testimony is likely to conflict with, at the very least, the testimony of Ms. Borell. There is a high likelihood that his name will be invoked by witnesses and that the jury will look to him for answers when he talks to witnesses as well as when he testifies himself. Consequently, if Mr. Buchsbaum is allowed to perform dual advocate-witness role, the jury will likely be confused and misled and the EEOC and Ms. Borell may face severe prejudice. While Mr. Buchsbaum's disqualification will undoubtedly cause his client hardship, it is not substantial enough to outweigh the Court's concerns about the jury being confused and misled and about the prejudice to the EEOC and Ms. Borell.

For the foregoing reasons, the Court will by separate order disqualify Norman R. Buchsbaum from acting as an advocate at the trial of this case.

Date: January 19, 2010

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　　ROGER W. TITUS
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE