UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

March 12, 2010

**VIA ELECTRONIC FILING**

Debra Michele Lawrence, Esq.
Cecile Celeste Quinlan, Esq.
Equal Employment Opportunity Commission
City Crescent Building
10 South Howard Street, Third Floor
Baltimore, MD 21201

Norman R. Buchsbaum, Esq.
Louis Joseph Cannon, Jr., Esq.
Law Offices Norman R. Buchsbaum
400 East Pratt Street, Suite 600
Baltimore, MD 21202

Abbey Gail Hairston, Esq.
Christopher Philip Susie, Esq.
Linda Hitt Thatcher , Esq.
Thatcher Law Firm
7849 Belle Point Drive
Greenbelt, MD 20770

Re:   EEOC v. Bardon, Inc.
      Civil Action No.:  RWT-08-1883

Dear Counsel:

The Court has received Defendant's Affidavit of Norman Buchsbaum ("Affidavit for Fees") (Docket Item No. 56). The Court has reviewed the Affidavit for Fees and all related submissions. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, the Court DENIES the attorneys' fees requested.

Defendant seeks attorneys' fees for prevailing on its Motion Regarding the Sufficiency of Plaintiff-Intervenor's Responses to Defendant's Requests for Admissions (Docket Item No. 29) ("Motion to Compel"). Although Plaintiff claims to be the prevailing party on the Motion to Compel, the Court finds that Defendant is the prevailing party, having won 52% of the Motion to Compel. The Court does not intend to convey the notion that a simple majority of favorable rulings within a motion to compel determines the identity of the prevailing party. The Court considers the motions in their entireties. It is quite conceivable that a small minority of victories within a motion would still entitle a party to be the "prevailing party."

The Motion to Compel originally contested nineteen answers to Defendant's Request for Admissions. After briefing the Motion to Compel and after the parties' conference regarding the issues therein, twelve of the original nineteen responses remained for the Court to resolve. The

*EEOC v. Bardon, Inc.*
March 12, 2010
Page 2 of 5

Court ruled that ten of the twelve were deficient.  Considering the Court's ruling on the Motion to Compel and the pre-ruling agreement by the parties on the original nineteen responses, Defendant prevailed on ten responses (1, 3, 4,10, 11, 17, 18, 19, 23, and 24) and Plaintiff prevailed on nine responses (2, 5, 6, 8, 9, 12, 25, 28, and 29).  The Court finds that Defendant is the prevailing party.

Federal Rule of Civil Procedure 37(a)(5) ("Rule 37(a)(5)") governs the payment of expenses in discovery disputes.  Rule 37(a)(5) is divided into three subsections depending upon whether the motion is granted, the motion is denied, or the motion is granted in part and denied in part.  Each subsection provides whether an award is mandatory or discretionary and the types of awards a Court may grant.  The Court's April 15, 2009 Order "granted in part" the Motion to Compel and therefore Rule 37(a)(5)(C) applies here.  Rule 37(a)(5)(C) gives the Court discretion to apportion *expenses*.

Plaintiff mistakenly argues that Rule 37(a)(5)(A) and all of its exceptions applies here.  Rule 37(a)(5)(A) applies where a motion is "granted," not "granted in part" as in Rule 37(a)(5)(C).  Assuming for the moment that Rule 37(a)(5)(A) did apply, Plaintiff argues that Defendant's non-compliance with Local Rule 104.7 suggests a lack of "good faith."  Rule 37(a)(5)(A) states that a Court *must* not award sanctions where "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action."  Defendant, however, did make a good-faith effort to obtain discovery without Court involvement, as indicated by Defendant's April 14, 2009 letter expressing concerns about discovery.  While the letter did not satisfy the requirements of Local Rule 104.7, it was a good-faith attempt at resolving the concerns.

If Rule 37(a)(5)(C) allowed the Court to award attorneys' fees in the present situation, the Court would decide the Affidavit for Fees in the following manner.  This Court uses a lodestar analysis to determine attorneys' fees awards, an analysis which involves multiplying the number of reasonable hours expended by a reasonable hourly rate. <u>Robinson v. Equifax Info. Serv.</u>, 560 F.3d 235, 243 (4th Cir. 2009), citing <u>Grissom v. The Mills Corp.</u>, 549 F.3d 313, 320 (4th Cir. 2008).  Reasonableness is key in this analysis and the twelve *Johnson* factors guide the Court in determining what are "reasonable" hours and rates.  The twelve *Johnson* factors are:

> (1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectation at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; (12) attorneys' fees awards in similar cases.

*EEOC v. Bardon, Inc.*
March 12, 2010
Page 3 of 5

*See,* Robinson v. Equifax Info. Serv., 560 F.3d 235, 243 (4th Cir. 2009); Barber v. Kimbrell's Inc., 577 F.2d 216, 226, n.28 (4th Cir. 1978) (where the court adopted the factors established in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989). In determining the reasonableness of the fees requested, the Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, Appendix B, Local Rules (D. Md.) (the "Guidelines").

Defendant requests attorney's fees for the work of two attorneys, Mr. Buchsbaum and Mr. Cannon, and one law clerk, Mr. Singer. Defendant requests an hourly rate of $295 for Mr. Buchsbaum, who has 44 years of experience according to information posted on his law firm website. The Guidelines suggest an hourly rate of $275 to $400 for work performed by lawyers with fifteen years or more of experience, thus $295 per hour is reasonable under the Guidelines. Defendant requests an hourly rate of $230 for Mr. Cannon, who has four years of experience according to information posted on his law firm website. The Guidelines suggest an hourly rate of $150 to $190 for work performed by lawyers with less than 5 years of experience, thus $230 per hour is not reasonable under the Guidelines. Instead, the Court awards an hourly rate of $190 for Mr. Cannon's work. Lastly, Defendant requests an hourly rate of $90 for Mr. Singer, who is a law clerk. The Guidelines suggest an hourly rate of $95 to $115 for law clerks, thus $90 per hour is reasonable under the Guidelines.

Using the *Johnson* factors, the Court finds that the number of hours set forth in the Affidavit for Fees is reasonable. Defendant states that a total of 40.4 hours was spent by Mr. Buchsbaum, Mr. Cannon, and Mr. Singer on the Motion to Compel and Affidavit for Fees. For this analysis the Court finds *Johnson* factors one, two, three, and nine most persuasive. Given the lodestar calculation, review of the *Johnson* factors, the Guidelines, and the Court's review of the Affidavit for Fees, the Court concludes that Defendant's request is reasonable with modification.

Defendant states that Mr. Buchsbaum spent 3.3 hours on the Motion to Compel and .5 hours on the Affidavit for Fees. At an hourly rate of $295, the total cost for Mr. Buchsbaum's work is $1121. Defendant states that Mr. Cannon spent 26.8 hours on the Motion to Compel and 2.5 hours on the Affidavit for Fees. At an hourly rate of $190, the total cost for Mr. Cannon's work is $5567. Defendant states that Mr. Singer spent 7.3 hours on the Motion to Compel. At an hourly rate of $90, the total cost for Mr. Singer's work is $657. The total amount for all work spent on the Motion to Compel and the Affidavit for Fees equals $7345.

Under Rule 37(a)(5)(C), the Court has discretion in making an award. As previously noted, Defendant prevailed upon 52% of the Motion to Compel; therefore the Court would award Defendant 52% of the fees for the Motion to Compel and 100% of fees incurred in preparing the Affidavit for Fees. Accordingly, the Court would award Defendant $3495.70 for the Motion to Compel and $622.50 for the Affidavit for Fees, totaling $4118.20.

Although Defendant is the prevailing party and Rule 37(a)(5)(C) gives the Court discretion to award *expenses*, the Court cannot award any monetary amount in this situation.

*EEOC v. Bardon, Inc.*
March 12, 2010
Page 4 of 5

Rule 37(a)(5)(C) states that a court "may, after giving an opportunity to be heard, apportion the reasonable *expenses* for the motion" (emphasis added). The Rule permits awarding "expenses," not "attorney's fees" as it does explicitly in subsections (A) and (B).

In practice, there is a difference between expenses and attorneys' fees. "Attorneys' fees" pertains to fees paid to attorneys for their time and services. "Expenses" are the additional costs such as filing, copying, travel, etc. Courts use these terms to indicate different monetary expenditures. This difference between expenses and attorneys' fees is also highlighted in the Rule itself. Subsections (A) and (B) specifically include "attorneys' fees" and subsection (C) does not. *Inclusio unius* (interpretation by negative implication) and plain-meaning interpretation of language are customary judicial tools for statutory interpretation. See, e.g. Dean v. United States, 129 S.Ct. 1849, 1853-54 (2009); Bates v. United States, 522 U.S. 23, 29-31 (1997); Keene Corp. v. United States, 508 U.S. 200, 208 (1993) (Courts have a "duty to refrain from reading a phrase into the statute when Congress has left it out. 'Where Congress includes particular language in one section of a statute but omits it in another… it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'") (internal citations omitted); Clarke v. Harleysville Mut. Casualty Co., 123 F.2d 499, 502 (4th Cir. 1941) ("It is the duty of the court to construe the statute as written and not indulge in interesting speculations as to what the statute might have been but was not."). Cf. Gross v. FBL Fin. Serv., Inc., 129 S.Ct. 2343, 2349-50 (2009). Because the term "attorney's fees" is explicit in subsections (A) and (B) but not in (C), the Court must presume that attorneys' fees are not permissible "expenses" under subsection (C). The plain reading of the statute mandates this result.

There is scant mention of this inconsistency in case law, but some Courts have overlooked the inconsistency and awarded attorneys' fees under Rule 37(a)(5)(C). See, e.g, Keithley v. Homestore.com, Inc., No. C-03-04447 SI, 2009 WL 55953(N.D. Cal. Sept. 7, 2009); United States v. Bd. of County Comm'rs, No. CIV 08-0505 JB/ACT, 2009 WL 2426194 (D.N.M. July 20, 2009). This Court, however, is compelled to reach a different conclusion. Defendant does not allege expenses in the Affidavit for Fees and therefore the Court cannot award any monetary amount to Defendant.

Despite the above analysis of attorneys' fees, the Court cannot make an award. As such, the Court DENIES the Affidavit for Fees. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

Very truly yours,

_____/s/_____

Charles B. Day
United States Magistrate Judge

CBD/ec