**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|                                          |        |                        |
|------------------------------------------|--------|------------------------|
|                                          | *      |                        |
| **EQUAL EMPLOYMENT**                     | *      |                        |
| **OPPORTUNITY COMMISSION**,              | *      |                        |
|                                          | *      |                        |
| Plaintiff,                               | *      |                        |
|                                          | *      |                        |
| and                                      | *      |                        |
|                                          | *      |                        |
| **ORA LOUISE BORELL**,                   | *      |                        |
|                                          | *      | Case No.: RWT 08cv1883 |
| Plaintiff-Intervenor,                    | *      |                        |
|                                          | *      |                        |
| v.                                       | *      |                        |
|                                          | *      |                        |
| **BARDON, INC.**,                        | *      |                        |
| *trading as*                             | *      |                        |
| AGGREGATE INDUSTRIES,                    | *      |                        |
|                                          | *      |                        |
| Defendant.                               | *      |                        |
|                                          | ***    |                        |

### MEMORANDUM OPINION

On January 19, 2010, the Court disqualified Norman Buchsbaum, Esq. from acting as an advocate at trial for Defendant Bardon, Inc. t/a Aggregate Industries ("Aggregate"), because the Court deemed him a necessary witness. See Paper Nos. 84, 85. Over a month later, Aggregate's new counsel filed its notice of appearance. See Paper No. 88. On April 2, 2010, Plaintiff Equal Employment Opportunity Commission ("EEOC") and Plaintiff-Intervenor Ora Louise Borrell jointly moved to amend the scheduling order to permit fact discovery on a limited basis to obtain testimony and documents from Mr. Buchsbaum. See Paper No. 95. The Court granted the EEOC and Ms. Borell's joint motion that same day. See Paper No. 96.

Almost two weeks later, Aggregate filed a Motion for Partial Reconsideration of the Court's April 2, 2010 Order. See Paper No. 98. Although styled as a "Motion for Partial Reconsideration," Aggregate does not ask the Court to reconsider whether the EEOC and

Ms. Borrell should be allowed to engage in limited discovery relating to Mr. Buchsbaum. Rather, Aggregate asks the Court to permit Aggregate to reopen the deposition of Ms. Borrell. See id. at 1. As grounds for the request, Aggregate cites "new evidence" allegedly raised in Ms. Borrell's Declaration and Amended Responses to Defendant's Requests for Admission, the alleged deficiencies in Ms. Borrell's initial deposition, and the additional issues that will inevitably arise from the newly-sought deposition of Mr. Buchsbaum. See id.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a court may amend its scheduling order upon a showing of "good cause." In determining whether good cause exists, a court considers whether the moving party has diligently made efforts to meet the court imposed deadlines. See Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W. Va. 1995) ("[T]he touchstone of 'good cause' under Rule 16(b) is diligence."). Federal Rule of Civil Procedure 30(a)(2)(A)(ii) requires a party to seek leave of the court in order to depose the same person for a second time. In deciding whether a party may depose a witness for a second time, a court must consider whether (1) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had an ample opportunity to obtain the information by discovery; and (3) the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. See Fed. R. Civ. P. 26(b)(2)(C)(ii).

None of the grounds offered by Aggregate is sufficient to justify reopening discovery as to Ms. Borrell. First, the new evidence is not "new." Ms. Borell was deposed in February of 2009, her Declaration was filed in June of 2009, and her Amended Responses were served on

Aggregate in August of 2009.  See EEOC's Opp'n 1.  At no time from August 2009 to April 2010 did Aggregate claim that "new evidence" arising from the Declaration and Amended Responses necessitated another deposition or any other relief.  In other words, Aggregate did not act diligently in requesting a second deposition of Ms. Borrell.

Second, an additional deposition of Ms. Borrell is unnecessarily duplicative.  Aggregate has already submitted both to Ms. Borrell's counsel and to the EEOC requests for production, interrogatories, and requests for admission concerning Ms. Borrell's relevant experience.  Aggregate deposed Ms. Borrell on February 11, 2009.  Nothing in the record suggests that Aggregate had anything less than a full and fair opportunity to address the critical issues during that deposition.  The tactical decision by Aggregate to depose Ms. Borrell for two hours and twenty-five minutes does not demonstrate that the deposition was in any way deficient.  Having reviewed the transcript, the Court is satisfied that the critical issues in this case were explored, albeit perhaps not now to the liking of Aggregate's new counsel.  That Aggregate's new counsel disagrees with the manner in which Mr. Buchsbaum conducted Ms. Borrell's deposition does not warrant reopening discovery.

Lastly, Aggregate's belief that new witnesses or new issues will arise during the first deposition of Mr. Buchsbaum in no way supports its request for a second deposition of Ms. Borrell.  Just because the EEOC and Ms. Borrell now get their first bite at the apple by deposing Mr. Buchsbaum does not mean that Aggregate should get a second bite at Ms. Borrell.  It is entirely premature to assume that any information developed during Mr. Buchsbaum's

deposition will warrant a further reopening of discovery, but should that occur, Aggregate is certainly free to move for relief at that time.


Date: <u>May 3, 2010</u>                                        <u>              /s/              </u>
                                                          ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE