IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Plaintiff<br><br>ORA LOUISE BORRELL<br>Plaintiff-Intervenor<br><br>v.<br><br>BARDON, INC. t/a<br>AGGREGATE INDUSTRIES<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)<br>)  RWT 8:08-CV-1883<br>)<br>)<br>)<br>)<br>) |

## CONSENT DECREE

This action was instituted by Plaintiff, Equal Employment Opportunity Commission ("Plaintiff", "EEOC" or the "Commission"), against Defendant, Bardon, Inc. t/a Aggregate Industries ("Defendant"), on July 18, 2008. The Commission's complaint and amended complaint allege that Defendant subjected Charging Party Ora Louise Borrell to sexual harassment and a sexually hostile working environment and thereafter, discharged her from employment, on the basis of her sex, female, and in retaliation for opposing these unlawful practices, in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a). On October 22, 2008, Ora Louise Borrell ("Plaintiff Intervenor" or "Borrell") intervened in this case, alleging the same violations of Title VII with additional state law claims.

Defendant Aggregate categorically denies each and every one the EEOC's and Ms. Borrell's allegations and maintains that it treated Ms. Borrell fairly and lawfully in all respects, but it consents to this Decree in order to avoid the substantial legal expenses involved in litigating this case through trial.

This Decree, being entered with the consent of the Parties shall not constitute an adjudication or finding on the merits of this case and shall not be construed as an admission of liability by Defendant or as a waiver by the Commission or Ms. Borrell of any contentions of discrimination or retaliation.

The Parties desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

For the purposes of resolving this action, Defendant admits that the Court has jurisdiction over this action and that all statutory and jurisdictional prerequisites to suit have been satisfied.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII.

Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

1. This Decree resolves all issues and claims alleged in the Complaints and Amended Complaints filed by the Commission and Borrell in this Title VII action which emanated from the Charge of Discrimination No. 531-2007-01179 filed by Ora Louise Borrell.

2. Defendant, its officers, agents, servants, employees and all persons acting or claiming to act on its behalf and interest shall be enjoined and restrained from engaging in any employment practice which discriminates on the basis of sex in violation of Title VII, particularly with regard to sexual harassment, a sexually hostile working environment and discharge.

3. Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in its behalf and interest shall be enjoined and restrained from engaging in any employment practice which discriminates against any individual because such individual has

opposed any practice that is made unlawful under Title VII or because of the filing of a charge, the giving of testimony, assistance or participation in any investigation, proceeding, or hearing, under this statute.

4.   Within five (5) business days of the entry of this Decree, in full settlement of this case, Defendant will pay to Ora Louise Borrell $325,000 as settlement of claims for back pay, compensatory damages, and claimed attorneys fees and costs incurred by Borrell's private counsel, the Thatcher Law Firm, LLC. Defendant shall take no withholding from the compensatory monetary amount listed above and will issue a Form 1099 to Ora Louise Borrell reflecting this payment. Defendant agrees that the settlement check/s shall be forwarded to Thatcher Law Firm, LLC by overnight mail.

5.   Within thirty (30) days of the Court's approval of this Consent Decree, Defendant will post in all places where notices to employees are customarily posted at its LaPlata, Acton Lane (Waldorf), King George, and Rappahannock Farms facilities, the Notice attached hereto as Exhibit "A" and made a part hereof. Said Notice attached hereto as Exhibit "A" shall be posted and maintained for a period of at least three (3) years from the date of posting and shall be signed by a responsible official of Defendant with the date of actual posting shown hereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as heretofore specified. Within thirty (30) days of such posting, Defendant shall forward to the attorney of record at the Baltimore Office a copy of the signed Notice attached hereto as Exhibit "A" and written certification that the Notice referenced herein has been posted and a statement of the location(s) and date of posting.

6. Defendant agrees that within sixty (60) days of the entry of this Decree, it shall provide mandatory training to all its employees, including managers and supervisors, of no less than (2) hours duration, regarding federal EEO laws prohibiting discrimination in employment enforced by the Commission, particularly those concerning sex discrimination, harassment and retaliation. The trainer's credentials and an outline of program materials shall be forwarded to the EEOC's attorney of record ten (10) days prior to such training being conducted and a representative of the Commission shall be invited to attend such training. Within fifteen (15) days of the completion of this training, Defendant shall forward to the attorney of record at the Baltimore Office written certification that the training has been completed together with a list of employees and managerial staff who have been trained, and the dates of the training. Defendant also agrees to provide to each newly-hired employee, an orientation to its equal employment opportunity policies, including the sexual harassment policy within a reasonable time of hire.

7. The Commission reserves the right to monitor compliance with the provisions of this Decree. As part of such review, the EEOC, upon notice to Defendant, may require written reports concerning compliance, inspect Defendant's premises, interview witnesses, and examine and copy documents at reasonable times to be mutually agreed to by the parties.

8. If any party to this Decree believes that any other party has breached a material provision of this Decree, it shall so notify the party(s), in writing, of the alleged breach. Upon receipt of written notice, a party(s) shall have fifteen (15) days to either correct the alleged breach, and so inform the other party(s), or deny the alleged breach, in writing: a) If the parties remain in dispute they shall attempt in good faith to resolve their dispute; b) If the parties can not in good faith resolve their dispute, the party alleging a breach may file with the Court a motion to correct and remedy the breach; c) Each party shall bear its own costs, expenses and attorney's

fees incurred in connection with such action; and d) Jurisdiction and venue to resolve any dispute arising under this Decree resides in the United States District Court for the District of Maryland.

9. This Decree shall remain in full force and effect for a period of three (3) years from the date of approval and entry of this Decree by the Court.

10. The Court shall retain jurisdiction of this action to ensure compliance with this Decree. In all other respects, upon approval and entry by the Court of this Decree, this action against Defendant is dismissed with prejudice and the Clerk of the Court is directed to remove this action from the Court's calendar.

11. The Commission, Ora Louise Borrell, and Defendant shall bear their own costs, expenses and attorneys' fees incurred in connection with this action, except with respect to the payment to The Thatcher Law Firm, LLC referenced in paragraph 4 above.

12. The undersigned counsel of record, on behalf of their respective clients, hereby consent to the entry of the foregoing Consent Decree.

Respectfully submitted,

_____
Debra M. Lawrence
Regional Attorney
U.S. EEOC

John Alvin Henderson (Fed. Bar No. 28419)
U.S. EEOC
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
Washington, DC 20036
Tel: 410-209-2246
Fax: 410-962-4270
john.henderson@eeoc.gov

_____
Linda Hitt Thatcher (Fed. Bar No. 05039)
Wayne B. Wiseman (Fed Bar No. 17462)
Robert J. Baror (Fed. Bar No. 17763)

THATCHER LAW FIRM, LLC
Belle Point Office Park
7849 Belle Point Drive
Greenbelt, MD 20770
Tel: 301-441-1400
Fax: 301-441-9602
www.thatcherlaw.com

Counsel for Plaintiff-Intervenor
Ora Louise Borrell

_____
Paul J. Kennedy (Fed. Bar No. 15447)
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC 20036
202.842.3400 Telephone
202.842.0011 Facsimile
pkennedy@littler.com

AND

Elizabeth A. Lalik (admitted *pro hac vice*)
Melanie G. Augustin (admitted *pro hac vice*)
Littler Mendelson, P.C.
1650 Tysons Boulevard, Suite 700
McLean, VA 22102
703.442.8425 Telephone
703.442.8428 Facsimile
elalik@littler.com
maugustin@littler.com

Counsel for Defendant
Bardon, Inc. t/a Aggregate Industries

SO ORDERED

Signed and entered this  1st  day of  October , 2010

_____
ROGER W. TITUS
UNITED STATES DISTRICT COURT JUDGE

- 6 -